# NO. 12-10-00349-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DONALD RAY MCCRAY,*<br>*APPELLANT* | § | *APPEAL FROM THE 369TH* |
| *V.* | | |
| | § | *JUDICIAL DISTRICT COURT* |
| *DOUGLAS D. MULDER,*<br>*PRUDENTIAL INSURANCE*<br>*COMPANY AND ANNE ASHBY,* | | |
| *APPELLEES* | § | *ANDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Donald Ray McCray appeals from the trial court's dismissal of his suit under Chapter Fourteen of the Texas Civil Practice and Remedies Code. He raises four issues on appeal.[1] We affirm.

### BACKGROUND

Donald Ray McCray sued Douglas D. Mulder, Prudential Insurance Company, and former District Judge Anne Ashby in a document entitled, "Petition Against Violation of Contract by Con and Swindling of Twenty Five Thousand Dollars and Insurance Bribery." Although McCray's claims are difficult to comprehend, it appears as though he alleges that he paid $25,000 to Mulder to represent him in a legal matter. According to McCray, Mulder subsequently withdrew from representing McCray and failed to return McCray's $25,000. Additionally, it appears as though McCray alleges that Prudential paid $150,000 to Ashby in

---

[1] McCray did not state concisely all issues presented for review. *See* TEX. R. APP. P. 38.1(f). He further failed to number his issues. For purposes of our review, we have organized McCray's claims into four issues.

exchange for rulings favorable to Prudential and unfavorable to McCray. McCray brought his pro se *in forma pauperis* suit as an indigent inmate.

The trial court determined that McCray's lawsuit was frivolous pursuant to Chapter Fourteen of the Texas Civil Practice and Remedies Code and dismissed it without a hearing. This appeal followed.

## DISMISSAL OF SUIT

In his first issue, McCray argues that the trial court erred and abused its discretion when it dismissed his suit.

### Standard of Review

We review the trial court's dismissal of an *in forma pauperis* suit under an abuse of discretion standard. *See **Hickson v. Moya***, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. *See **Lentworth v. Trahan***, 981 S.W.2d 720, 722 (Tex. App.– Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal theory. *See **Johnson v. Lynaugh***, 796 S.W.2d 705, 706-07 (Tex. 1990); ***Birdo v. Ament***, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied). The trial courts are given broad discretion to determine whether a case should be dismissed because (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrue to the benefit of state officials, courts, and meritorious claimants. *See **Montana v. Patterson***, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).

### Applicable Law

Chapter Fourteen of the Texas Civil Practice and Remedies Code controls suits brought by an inmate when the inmate filed an affidavit or unsworn declaration of inability to pay costs.[2] TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (Vernon 2002); ***Hickson***, 926 S.W.2d at 398. An inmate filing such a suit must comply with the procedural requirements set forth in Chapter Fourteen. TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002(a), 14.004, 14.005 (Vernon 2002). Failure to fulfill those procedural requirements will result in the dismissal of an inmate's suit.

---

[2] Chapter Fourteen does not apply to an action brought under the Texas Family Code. TEX. CIV. PRAC. & REM. CODE ANN. 14.002(b).

*See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003 (Vernon 2002); **Brewer v. Simental**, 268 S.W.3d 763 (Tex. App.–Waco 2008, no pet.) (citing **Bell v. Texas Dep't of Crim. Justice-Institutional Div.**, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied)).

Among these procedural requirements contained in Chapter Fourteen is that an inmate must file an affidavit or declaration identifying each suit he has previously brought, other than a suit under the Family Code, in which he was not represented by an attorney, without regard to whether he was an inmate at the time the suit was brought. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a). For each suit, the inmate must state the operative facts for which relief was sought, set forth the case name, cause number, and the court in which the suit was brought, identify each party named in the suit, and state the result of the suit. *Id*

A trial court may dismiss a claim if the court finds that the claim is frivolous or malicious. *See* TEX. CIV. PRAC. & REM. CODE ANN. §14.003(a)(2) (Vernon 2002). In determining whether a claim is frivolous or malicious, a trial court may consider whether the claim is substantially similar to a previous claim filed by the inmate that arises out of the "same operative facts." *Id*. § 14.003(b)(4).

When an inmate files an affidavit or declaration that fails to comply with the requirements of Section 14.004, "the trial court is entitled to assume that the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous." **Bell v. Tex. Dep't of Criminal Justice**, 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied). In such an instance, the trial court may dismiss the suit on the grounds that it is frivolous or malicious. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(4); **Thompson v. Rodriguez**, 99 S.W.3d 328, 330 (Tex. App.–Texarkana 2003, no pet.).

## Analysis

McCray failed to comply with the procedural requirements of Chapter Fourteen. McCray filed three affidavits regarding previous litigation. In one affidavit, he listed seven cases, in another fifteen, and in another eight. McCray did not state that his affidavits listed all of his previous cases. Instead, he simply stated, in each affidavit, that it was an affidavit concerning his previous filings.

Additionally, McCray failed to provide all of the required information about his previous filings. In several of the cases listed, he failed to provide the operative facts for which relief was sought. He also listed the style of some of the cases by identifying one defendant by name and

then utilizing "*et al*," rather than listing each party to the suit. For several of the cases, he failed to identify the court. He also failed to disclose the result of the litigation for at least three of the cases. Instead, McCray simply stated that the cases were still pending in 2001.

The requirements of Chapter Fourteen are much more exacting. McCray failed to comply with his duty regarding identifying each suit previously brought including the operative facts, all parties, the court, and the results of the previous litigation. TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a). Chapter Fourteen requires full disclosure of all previous cases brought. *See id*. By limiting the information provided and failing to state that he had identified every suit, other than a suit under the Family Code, that he had previously brought, McCray failed to comply with the requirements of Chapter Fourteen. *See id*.

The trial court could reasonably conclude that this lawsuit was frivolous because McCray failed to disclose all of the required information about his previous litigation. *See Bell*, 962 S.W.2d at 158. In addition, the trial court could conclude that the present claim was frivolous because the issues had already been litigated between the parties. *See* TEX. CIV. PRAC. & REM. CODE ANN. at § 14.003(b). In one of the affidavits, McCray claims that he ". . . filed a civil petition against violation of contract by con and swindling of twenty five thousand dollars, with this county, in: Donald Ray McCray vs. Dougles D. Mulder, et al, . . . ." According to his affidavit, the trial court in Dallas County dismissed this suit pursuant to Chapter Fourteen. Although McCray did not provide all the required information for this case, the trial court could reasonably conclude that this claim is substantially similar to a previous claim filed by McCray in Dallas County because the claim arises from the same operative facts. *Id*. at § 14.003(b). Accordingly, the trial court did not err in determining that McCray's claim was frivolous. We overrule McCray's first issue.

## EQUAL PROTECTION

In his second issue, McCray argues that the trial court violated his right to equal protection under the law by dismissing his suit. McCray did not make an equal protection argument to the trial court. A constitutional claim must be asserted in the trial court as a prerequisite to raising such a claim on appeal. *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993). Because McCray did not raise his equal protection claim with the trial court, he has failed to preserve this argument for appellate review. *Id*.

4

Even had he preserved this argument for our review, McCray would not prevail. To assert an equal protection claim, McCray must establish that he was treated differently than other similarly situated parties without a reasonable basis. *Sanders v. Palunsky*, 36 S.W.3d 222, 225 (Tex. App.–Houston [14th Dist.] 2001, no pet.). The procedural requirements of Chapter Fourteen apply equally to all pro se *in forma pauperis* inmate suits. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.002-.006; *Sanders*, 36 S.W.3d at 225. The record does not indicate, nor has McCray shown, that he was treated differently from any other indigent Texas inmate. Further, no court has recognized inmates as a suspect class or recognized the right to file successive civil suits as a fundamental right. *Sanders*, 36 S.W.3d at 225.

Because Chapter Fourteen neither singles out individuals of a suspect class nor implicates a fundamental right, it must only be rationally related to a legitimate state interest to survive an equal protection challenge. *Id.* Chapter Fourteen was "designed to control the flood of frivolous lawsuits being filed in the courts of this State by prison inmates, consuming valuable judicial resources with little offsetting benefit." *Hickson*, 926 S.W.2d at 399. Prohibiting inmates with a history of instituting frivolous and malicious litigation from proceeding *in forma pauperis* clearly serves to deter such abuses of our judicial system. *See Sanders*, 36 S.W.3d at 226. Because McCray did not establish that he was treated differently from other indigent inmates and the state had a legitimate state interest in enforcing the procedural requirements imposed by Chapter Fourteen, McCray's equal protection challenge is without merit. We overrule McCray's second issue.

## HEARING

In his third issue, McCray argues that the trial court erred and abused its discretion when it failed to conduct a hearing before dismissing McCray's claims.

McCray failed to bring this complaint to the trial court. To preserve a complaint for appellate review, a party must present the complaint to the trial court by a timely request, objection, or motion that states the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint. *See* TEX. R. APP. P. 33.1. This rule ensures that the trial court has had the opportunity to rule on matters for which parties later seek appellate review. *In re E. Tex. Med. Ctr. Athens*, 154 S.W.3d 933, 936 (Tex. App.–Tyler 2005, orig. proceeding).

5

Even if he had preserved his issue, a trial court is not required to conduct a hearing before dismissing a case pursuant to Chapter Fourteen. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(c). Instead, the question of whether to hold a hearing is committed to the trial court's discretion. *Id*.; *Hamilton v. Pechacek*, 319 S.W.3d 801, 810 (Tex. App.–Fort Worth 2010, no pet.). Because McCray raises only the bare claim that he was entitled to a hearing, he has failed to show that the trial court abused its discretion in dismissing this lawsuit without first holding a hearing. This is especially so as McCray's own pleadings show that a lawsuit very similar to this one had previously been dismissed as frivolous. We overrule McCray's third issue.

## CAUSE NUMBER

In his fourth issue, McCray argues that the trial court and district clerk erred when they failed to provide him with the cause number for his case. To the extent that McCray complains of an action by the district clerk, we are without jurisdiction to review his complaint. The scope of our appellate jurisdiction is limited to reviewing decisions by a lower court; we lack appellate jurisdiction over an act of the district clerk. *See Newman v. Castro*, No. 12-04-00051-CV, 2005 WL 1243418, at *2 n.5 (Tex. App.–Tyler May 25, 2005, pet. dism'd w.o.j.) (mem. op.). Moreover, there is no indication that McCray informed the trial court about the error he alleges it committed. See TEX. R. APP. P. 33.1. Therefore, McCray has failed to preserve his complaint about the trial court for our review. *See id*. And finally, the rules of civil procedure do not impose a duty on the trial court to notify a litigant of the file number assigned to its case. We overrule McCray's fourth issue.

## DISPOSITION

Having overruled McCray's first, second, third, and fourth issues, we *affirm* the judgment of the trial court.

### BRIAN HOYLE
Justice

Opinion delivered July 29, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

6